NOT DESIGNATED FOR PUBLICATION

Nos. 120,198
120,199
120,200

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

REX CLAY VAUGHN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 12, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Rex Clay Vaughn Jr. appeals the district court's decision revoking his probation and ordering him to serve his original sentences in three separate cases. We granted Vaughn's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

In 16CR8, Vaughn pled no contest to one count of nonresidential burglary. In 16CR628, Vaughn pled no contest to one count of forgery. In 16CR132, Vaughn pled no contest to one count of theft. On December 19, 2016, the district court sentenced Vaughn to 29 months' imprisonment in 16CR8; 14 months' imprisonment in 16CR628; and 19 months' imprisonment in 16CR132. The district court ordered the sentences to run

1

consecutive, but in all three cases the court granted Vaughn's request for a dispositional departure to probation for 24 months to be supervised by community corrections.

At a hearing on September 18, 2018, Vaughn stipulated to violating the conditions of his probation by failing to report as directed, by failing to complete treatment, and by committing a new misdemeanor offense. Vaughn asked the district court either to reinstate his probation or to modify his sentences. But because Vaughn had committed a new offense while on probation and because his probation was originally granted as the result of a dispositional departure, the district court revoked Vaughn's probation in each case and ordered him to serve his original sentences. Vaughn timely appealed and the cases have been consolidated on appeal.

On appeal, Vaughn claims the district court "abused its discretion by imposing the prison sentence without modification and by imposing the sentence when probation sanctions remained an available alternative because [he] demonstrated a continuing need for drug treatment." But Vaughn concedes that the district court did not have to impose an intermediate sanction in this instance because he had committed a new offense while on probation and because his probation was originally granted as the result of a dispositional departure.

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of

2

K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

As Vaughn concedes, the district court did not have to impose an intermediate sanction in this instance because he had committed a new crime while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Also, the district court did not have to impose an intermediate sanction because Vaughn's probation was originally granted as the result of a dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here, the district court showed leniency to Vaughn by granting him a dispositional departure to probation even though he had been convicted of felonies in three separate cases. Vaughn may have showed a continuing need for drug treatment, but he squandered his chance for treatment while on probation. The district court's decision to revoke Vaughn's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Vaughn has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentences.

Vaughn also claims the district court erred by not modifying his original sentences when it revoked his probation. Under K.S.A. 2018 Supp. 22-3716(c)(1)(E), upon revoking a defendant's probation, the court may require the defendant to serve the original sentence imposed or any lesser sentence. "An appellate court reviews the district court's decision to deny a defendant's request for lesser sentence upon the revocation of probation for an abuse of discretion." *State v. Reeves*, 54 Kan. App. 2d 644, Syl. ¶ 3, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). Vaughn has not tried to show how the district court abused its discretion by refusing his request to impose a lesser sentence at the probation revocation hearing, so he fails to meet his burden of showing any error. See *Stafford*, 296 Kan. at 45.

Affirmed.